ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| LEIDA IRIZARRY GARCÍA; Y OTROS<br>RECURRIDO<br><br>V.<br><br><br>ROBERTO MOJICA PAZ; Y OTROS<br>PETICIONARIO | TA2026AP00330 | *Apelación* acogida como *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm: MZ2024CV00345<br><br>Sobre: Interdicto (Entredicho Provisional Injunction Preliminar y Permanente) |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Santiago Calderón y el Juez Pérez Ocasio

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 1 de abril de 2026.

Comparece ante esta Curia el señor Roberto Mojica Paz (señor Mojica Paz o Peticionario) mediante un recurso intitulado *Apelación Civil,* acompañado de una *Moción al Amparo de la Regla 79(A) del Reglamento del Tribunal de Apelaciones.*[2] Nos solicita la paralización y revocación de la *Resolución y Orden* que notificó el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario) el 6 de marzo de 2026. En esta, el TPI denegó una solicitud de relevo de sentencia por falta de parte indispensable y concedió al Peticionario hasta el 6 de abril de 2026 para culminar la demolición de toda obra de construcción realizada en un inmueble localizado en la Calle 2 B-32, Urb. Ocean View en el Sector Parguera del Barrio Palmarejo en el Municipio de Lajas, Puerto Rico, que carece de los permisos de rigor.

---

[1] OATA-2026-019.

[2] Acogemos el recurso de apelación instado como una petición de *certiorari,* por ser este el recurso adecuado para revisar la denegatoria del foro primario a una solicitud post sentencia. Conservamos el número alfanumérico para propósitos administrativos.

Por los fundamentos que expondremos a continuación, y tras deliberar los méritos del recurso de epígrafe y de la moción que la acompaña, declaramos no ha lugar a la *Moción Al Amparo De La Regla 79 (A) Del Reglamento Del Tribunal De Apelaciones* y denegamos la expedición del auto de *certiorari*, según presentado. A pesar de que este Tribunal de Apelaciones no tiene que fundamentar su determinación al denegar un recurso de *Certiorari*,[3] en ánimo de que no quede duda en la mente de las partes sobre los fundamentos al denegar ejercer nuestra facultad revisora, abundamos.

**I.**

Para fines de compendiar, acogemos el tracto procesal plasmado en la *Sentencia* que un panel hermano de esta Curia (Recurso Núm. KLAN202401003) notificó, el 9 de abril de 2025. Mediante el referido dictamen el panel hermano confirmó la determinación del foro primario que ordenó la demolición y remoción de toda obra de construcción efectuada en el inmueble del Peticionario, que no cuenta con los debidos permisos, al amparo de la Ley Núm. 161-2009, Ley para la Reforma del Proceso de Permisos de Puerto Rico, 23 LPRA sec. 9011 *et seq*.

Luego del TPI celebrar tres vistas de desacato a las cuales el Peticionario no compareció y de imponerle sanciones económicas, RM Communication Inc. (Corporación) compareció ante el foro primario, sin someterse a la jurisdicción del tribunal en solicitud de remedios. Alegó que el dictamen emitido afecta un bien inmueble que le pertenece. En reacción, el TPI dispuso que la Corporación no se sometió a la jurisdicción del tribunal, ni estableció de forma clara, mediante evidencia, cómo sus derechos propietarios se ven afectados. Además, tomó conocimiento de que el Peticionario es el presidente, secretario y tesorero de la Corporación que quiere intervenir, transcurrido un año desde que dictó la sentencia de la cual su presidente tenía conocimiento.

---

[3] Véase la Regla 52. 1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V., R. 52.1.

A esos efectos, el 21 de enero de 2026, el Peticionario presentó una *Moción en Cumplimiento de Orden,* en donde reconoció no haber traído a la atención del foro primario el cambio de titularidad del bien inmueble de referencia, mediante la Escritura Núm. 5 del 18 de abril de 2024 sobre Compraventa. El Peticionario adujo haber transferido la titularidad mediante resolución corporativa.

En respuesta a lo anterior, el foro primario expresó "[n]o albergamos duda que el demandado intento burlar la justicia y a este Tribunal, vendiendo el inmueble a una corporación del [sic] la cual el mismo es el presidente, tesorero y secretario."

Inconforme, el Peticionario instó un petitorio de reconsideración invocando la doctrina de falta de parte indispensable y en solicitud de relevo de sentencia. En consideración a tales planteamientos, el foro primario decretó:

> [r]esulta ilógico considerar que, con el nivel de control y acceso a la información que posee el demandado desconociera sobre la necesidad de notificar el hecho de que había traspasado la titularidad del bien al Tribunal. Ante este panorama jurídico alarmante nos vemos obligados a resolver el descorrer el velo corporativo toda vez que no hacerlo, permitiría que se derrotara nuestra política pública sobre el otorgamiento de permisos de construcción y equivaldría a promover una injusticia. O sea, permitir el comportamiento del demandado abriría la puerta a que cada vez que una parte interese burlar la política pública del Gobierno y la autoridad del Tribunal, traspase la titularidad de un inmueble a una Corporación de la cual es su único accionista, sin notificar al Tribunal, con el propósito único de defraudar los procesos judiciales y luego liberarse sin consecuencias de una Sentencia válidamente dictada, aduciendo nulidad por falta de parte indispensable provocada por él mismo.

Sustentado en ello, declaró no ha lugar a la *Moción en Cumplimiento de Orden,* y encontró al Peticionario incurso en desacato, por lo cual le impuso una sanción adicional de $5,000.00 a favor de la parte demandante y otra sanción diaria de $500.00 hasta que dé cumplimiento a lo ordenado. Concedió hasta el 6 de abril de 2026 para finiquitar la demolición ordenada, so pena de su arresto por desacato, sin más citarle ni oírle.

En desacuerdo, el Peticionario acude ante esta Curia mediante el presente recurso en donde imputa al foro primario lo siguiente:

Erró el TPI al no decretar la falta de parte indispensable a pesar de mostrársele evidencia de que la Corporación RM Communication LLC es la titular del bien inmueble en cuestión.

Erró el TPI al sostener una Sentencia que ordena la demolición de un bien inmueble titularidad (sic) de una corporación sin que la misma haya sido incluida en el pleito ni emplazada al respecto.

Erró el TPI al concluir identidad de parte de la corporación en cuestión con el accionista demandado en su carácter personal sin que se haya realizado descubrimiento de prueba respecto a la realidad operacional de la corporación.

## II.

Al entender sobre esta causa surge que, el foro primario evaluó la *Moción en Cumplimiento de Orden* que instó el Peticionario la cual declaró sin lugar. En esencia, el TPI consideró que la alegada falta de parte indispensable era un subterfugio para burlar su orden de demolición y así derrotar la política pública atinente al otorgamiento de permisos de construcción. Además, ante el cuadro fáctico procesal reiteró su orden de demolición de lo construido ilegalmente en ejecución de sentencia.

La revisión de la determinación recurrida se centra en justipreciar si el foro primario rebasó los parámetros establecidos al ejercer su discreción en este caso que versa sobre un petitorio de relevo de sentencia, desacato y ejecución de sentencia. A esos efectos, corresponde constatar si la decisión se circunscribe y encuentra apoyo en las normas establecidas en nuestro ordenamiento jurídico.

En consideración a lo anterior, y luego de evaluar detenidamente el expediente ante nuestra consideración, no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

Además, no identificamos fundamentos jurídicos que nos muevan a expedir el auto de *Certiorari* solicitado, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad

revisora en este tipo de recurso. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

### III.

Por los fundamentos antes expresados, declaramos no ha lugar la *Moción Al Amparo De La Regla 79 (A) Del Reglamento Del Tribunal De Apelaciones* y denegamos la expedición del auto de *certiorari* solicitado.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones